HON. DORIS ULMAN Village Attorney, Spring Valley
We acknowledge receipt of a letter from Assistant Village Attorney Alvin L. Spitzer stating that your village "does not have a Board of Fire Commissioners and the local fire companies operate under the guidance of a fire council pursuant to Section 10-1014 of the Village Law." The letter also states that the chief of the fire department wishes to purchase a decoration or shield for a fire hat which differs from that previously used by the chiefs of your department and that the council of the fire department has refused to authorize it. Our opinion is requested as to whether, pursuant to his duties as chief of the fire department under Section 10-1018 of the Village Law, specifically, the power to "have * * * the supervision * * * of all property owned by the fire department * * *", the chief has the right to purchase the decoration or shield he has chosen in spite of the refusal of the council of the fire department to give its approval.
Village Law § 10-1000 sets forth the general powers of the board of fire commissioners of a village and states that the exercising of such powers is subject to the approval of the board of trustees. Village Law § 10-1014 provides that in a village in which separate fire commissioners are not appointed, the chief, assistant chief, and wardens of the several fire companies making up the fire department constitute the council of the fire department which shall have all of the powers and be subject to all the liabilities and perform all the duties of a separate board of fire commissioners as they are prescribed in Village Law § 10-1000, except subdivisions 2,3,4, and 8 thereof and the fixing of compensation under subdivision 5 and 7 thereof, and that as to those subdivisions, the council shall only make recommendations to the board of trustees of the village. In your village, therefore, the council, under Village Law § 10-1000, subd. 1, subject to the approval of the board of trustees, has the care, custody and control of all village property of the fire department and under subdivision 2, the council may recommend to the board of trustees and the board of trustees may purchase such equipment as is suitable and necessary to prevent and extinguish fires and may purchase uniforms; if they purchase uniforms they have the duty to keep them in good condition and repair. If the hat contemplated in your letter is a fireman's helmet used for protection in extinguishing fires or is a uniform hat, it may be purchased by the village board of trustees and the authority to purchase necessarily includes the power to determine what to purchase and its design, decoration and insignia. The duty of the chief to supervise all property owned by the fire department does not affect that power and authority of the council and the board of trustees. Under Village Law § 10-1000, subdivision 6, together with § 10-1014, the council, subject to the approval of the village board of trustees, "has control and supervision of the members, officers and employees of the department * * *." Under this provision, even if the chief purchased a different design of decoration or shield for a fire hat at his own expense, it would be improper for him to wear it upon any occasion when he was on duty unless the council, subject to the approval of the board of trustees, authorized him to do so:
In our opinion, in the event the council of a village fire department refuses to authorize the fire chief to purchase a new or different design of decoration or shield to be worn on his fireman's hat the chief, even if he purchased one at his own expense, may not wear it at any time he is on duty.